### LLOYD NICHOLS *vs.* CHARLES NICHOLS.

In *replevin*, where the writ is for the taking and unjust detention of property, a plaintiff cannot declare for a *wrongful detention* only ; the declaration must conform to the writ.

THIS is an action of *replevin*, which was commenced by writ, complaining that the defendant *had taken* and did *unjustly detain* a horse. The plaintiff declared for the *taking* of a horse. The defendant pleaded *non cepit*, and gave notice of special matter relied upon in defence ; but deeming his notice insufficient, he applied to the court and obtained leave to amend in certain particulars ; the court at the same time giving leave to the plaintiff to amend *his declaration* by adding new counts. Both parties availed themselves of the permission granted. The defendant served his amended notice, and the plaintiff added two counts to his declaration, in each of which he charged the defendant in the *detinet*, i. e. he alleged him to be a bailee, and charged him with a refusal to deliver the horse on request, in the form prescribed by statute where the action is not *for the taking*, but for the *wrongful detention* of property. 2 *R. S.* 528, § 36.

*Kellogg & Sandford*, for the defendant, moved to strike out the *amended counts* of the declaration, insisting that the leave to add new counts did not authorize the substitution of new and different causes of action, nor to add counts inconsistent with the former counts, or to declare in any other form than would have been proper in the first instance ; that the counts for *unjust detention* vary from the writ, which is for *the taking*,

February 20.

and not for *the detention* of the horse ; and that the plaintiff was bound to declare in conformity to the writ, it being bailable process. 4 *Johns. R.* 485. 1 *Wendell,* 305. 1 *Cowen,* 193. The action of *detinue* is abolished, 2 *R. S.* 553, § 15, and replevin now lies for a *wrongful detention,* as well as for a *tortious taking ;* but the party must specify in his writ which he goes for, as is manifest from the form of the writ given by the statute, 2 *R. S.* 523, § 6. Here the writ is for the *taking,* and not for the *detention* of the property.

*Reed & Butterfield,* contra.

*By the Court,* SAVAGE, Ch. J. The writ in this case is for the taking *and* unjust detention of a horse ; manifestly a cause of action different and distinct from a mere detention. The remedy by *replevin* is given in both cases, but the form of the *writ* and of the *declaration* are different, according to the nature of the cause of action ; and it cannot be permitted that where the writ is for one cause of action the plaintiff shall declare for another. The motion must be granted, with costs.

