## DAWES VS. GLASGOW.

1. PRACTICE.—The supreme court will not consider matters assigned as error which are not properly made to appear by the record.
2. AFFIDAVIT.—Although there is an obvious impropriety in an attorney in a cause taking, as a judicial officer, the affidavit of his client, which is to be the foundation of the action, yet, as there is no provision of law or rule of court to prohibit it, proceedings founded on an affidavit so taken will not be dismissed or set aside.
3. REPLEVIN.—When the writ of replevin is for the caption and unjust detention of property, the declaration should correspond and allege the caption and detention; a different form would be required under our statute if the detention only was complained of.
4. ERROR.—Error will not be presumed but must be shown affirmatively, and where it is assigned for error that the court below erred in not granting a motion for a new trial, made upon the ground that the verdict was contrary to the evidence and the instructions of the court, but the record does not show what the evidence or the instructions were, this court will presume that the decision of the court below was correct.

ERROR to the District Court for *Jefferson* County.

*Glasgow* brought an action of replevin against *Dawes* in the Jefferson county district court, for the caption and detention of a horse. The writ was issued in the usual form prescribed by the statute for the caption and detention, and the declaration filed corresponded with the writ. It appeared that the affidavit upon which the writ issued was made before the plaintiff's attorney as a supreme court commissioner. At the May term, 1842, *Dawes*, the defendant below, moved to dismiss the suit for want of a sufficient affidavit and bond, which motion was overruled by the court. The defendant then filed a general demurrer to the declaration, which was also overruled; where-upon he filed the plea of *non detinet*, or that he did not unjustly detain, etc., upon which issue was joined and a verdict rendered in favor of the plaintiff. The defendant moved for a new trial on the ground that the verdict was contrary to evidence and contrary to the instructions of court, which motion was overruled

and judgment rendered upon the verdict. The defendant below prosecuted a writ of error to reverse the judgment, and assigned the foregoing rulings of the court for error. There was no bill of exceptions taken containing the testimony or the instructions of the court.

*David Noggle*, for plaintiff in error.

*Field & Botkin*, for defendant in error.

DUNN, C. J. This case was tried in the district court of Jefferson county at the May term, 1842; verdict and judgment thereon rendered in favor of defendant *Dawes* as plaintiff below, to reverse which judgment, a writ of error is prosecuted in this court. The errors assigned by the plaintiff are:

1. The court erred in overruling the motion to dismiss for want of sufficient affidavit and bond.

2. In overruling demurrer to plaintiff's declaration.

3. In overruling defendant's motion for a new trial.

4. The court erred in ordering the issue to be made up on the unjust detention only, as the taking was complained of.

Before proceeding to examine the errors which are based upon the record, the court will premise that they cannot consent, under any circumstances, to consider or entertain matters *dehors*, as the fourth error assigned evidently is, from an inspection of the record.

First, then, did the district court err in overruling the motion to dismiss for want of a sufficient affidavit and bond? In discussing this error, the counsel for the plaintiff took no exception to the bond, indeed it does not appear to be obnoxious to any, but confined his objections entirely to the affidavit; and assumed the ground, "that the attorney for the plaintiff, although a supreme court commissioner of the county of Jefferson, is not a *proper officer* in the meaning of the law, before whom the affidavit in replevin may be made." Although there is an obvious impropriety in the practice, and this court is much disposed to discountenance it, yet there is

no rule of law, or of court under the authority of law, against the exercise of such a power by the attorney in the case, by virtue of his office of supreme court commissioner of Jefferson county. The possibility of the abuse of a power delegated by law, when exercised in a particular relation, is not a sufficient argument against the exercise of the power in such relation, unless so specially provided in the law granting the general power. And we are of opinion that the district court decided correctly in overruling the motion to dismiss.

The decision of the district court in overruling the demurrer to the plaintiff's declaration is, also, in the opinion of this court, free from error. The declaration is good according to the most approved practice, as a declaration in replevin, for taking and unjustly detaining property. If it had been a declaration on a writ of replevin, for the unjust detention only, then, according to the provisions of the 16th section of our act concerning replevin, the form of declaring should have been varied to meet the requirements of that section. *Nichols v. Nichols*, 10 Wend. 629, is recognized by this court as authority, it being a decision by the supreme court of New York on a statute of that State *in pari materia* with our own act concerning replevin. But the principle there decided is not brought in question in this case, where the declaration contains all the material allegations to support the writ of replevin, and entitle the plaintiff to recover for the taking and unjust detention of his property, if sustained by proof. Upon the record the decision of the district court on the demurrer was correct.

It is insisted in the third error assigned, that the district court erred in overruling the defendant's motion for a new trial. The motion, with the reasons upon which it is based, are matters of record. The reasons in the motion are: 1st. That the verdict was contrary to the evidence given in said case: 2d. That said verdict was contrary to the instructions of the court.

It no where appears in the record what this evidence and these instructions of the court were.    There is nothing to inform this court whether or not the district court exercised a sound legal discretion in overruling the motion for a new trial ; but we are bound to presume that its discretion was properly and soundly exercised, in the absence of matter apparent on the record to the contrary.

We are therefore of opinion, that all the errors assigned are untenable, and that the judgment of the district court of Jefferson county be affirmed, with costs.